IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KRASNER LOAN COMPANY, INC.,
d/b/a AMERICAN LOAN COMPANY,

    Plaintiff,

v.                                                                                    Case No. 2:24-cv-02177-MSN-cgc
                                                                                                                                                   JURY DEMAND

EMIL S. FERRARIS, BRENT E. WEIRICH,
CITY OF BARTLETT, TENNESSEE, and
MATT ROBINSON,

    Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 83 "Report"), entered on March 21, 2025. The Report recommends that the Court grant in part and deny in part Defendant Emil S. Ferraris' Rule 11 Motion for Sanctions. (ECF No. 29, "Rule 11 Motion"). Specifically, the Report further recommends that sanctions be imposed against Plaintiff and/or Plaintiff's counsel for asserting claims of negligence and gross negligence against Defendant Ferraris that lacked legal support. The Report recommends that sanctions be limited to fees and costs associated with the Rule 11 Motion and the Motion to Dismiss (ECF No. 14) and apportioned only to those claims.

Plaintiff filed a response styled as an "Exception" (ECF No. 85), clarifying that it does not object to the Report's recommendation but seeks to correct certain factual statements in the Report. Plaintiff asserts that the Report inaccurately states that certain property was turned over "pursuant to a subpoena duces tecum," whereas the allegations in both the original and Second Amended

Complaint state that the surrender of the property occurred without a subpoena or court order, following a demand accompanied only by an affidavit for subpoena.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

## DISCUSSION AND CONCLUSION

Plaintiff does not object to the recommended outcome but instead offers a limited exception to correct the record. The Court acknowledges the clarification, and the record shall so reflect.

As reflected in the Court's Text Order (ECF No. 86), the Court has already granted Plaintiff's Unopposed Motion to Strike Paragraphs 35 and 39 from the Second Amended Complaint.

Having reviewed the Report for clear error and finding none, the Court agrees with the Magistrate Judge's well-reasoned conclusion that sanctions are warranted for Plaintiff's unsupported negligence and gross negligence claims.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation in its entirety, subject to the factual clarification discussed above. Defendant Ferraris' Motion for Sanctions (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the Report.

It is therefore **ORDERED** that:

1. Plaintiff and/or Plaintiff's counsel shall pay the reasonable attorneys' fees and costs incurred by Defendant Ferraris in connection with filing the Rule 11 Motion and Motion to Dismiss, as those fees relate to the stricken negligence and gross negligence claims.

2. Within fourteen (14) days of the entry of this Order, counsel for Defendant Ferraris shall file an affidavit and supporting documentation setting forth the amount of reasonable attorneys' fees and costs sought. Plaintiff shall have seven (7) days thereafter to respond.

**IT IS SO ORDERED**, this 12th day of May, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE