IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KRASNER LOAN CO., INC.**
**d/b/a AMERICAN LOAN COMPANY,**

        **Plaintiff,**

v.                                                    Case 2:24-cv-02177-MSN-cgc

**EMIL S. FERRARIS,**
**BRENT E. WEIRICH,**
**MATT ROBINSON,**
**and CITY OF BARTLETT, TENNESSEE**
**GOVERNMENT,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANT EMIL S. FERRARIS' SECOND MOTION TO DISMISS**

---

Before the Court is Defendant Emil S. Ferraris' Second Motion to Dismiss. (Docket Entry ("D.E.") #59). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #61). For the reasons set forth herein, it is RECOMMENDED that Ferraris' Motion to Dismiss be GRANTED.

### I.   Background

The crux of the federal claims in this case, which are brought pursuant to 42 United States Code Section 1983 ("Section 1983"), are that Detective Matt Robinson ("Detective Robinson") and the City of Bartlett, Tennessee ("the City") violated Plaintiff's constitutional rights by seizing property, including firearms, that Brent E. Weirich ("Weirich") pawned to Plaintiff's business

without affording Plaintiff the appropriate due process rights or complying with Tennessee law. (Second Am. Compl. ¶¶ 31-34, 40-41). Plaintiff's Complaint seeks that this Court also resolve the broader question under Tennessee state law of whether Defendant Emil S. Ferraris ("Ferraris") has any liability for his alleged conspiracy with Weirich to deprive Plaintiff of its property. (*Id*. ¶¶ 36-38).[1]

Ferraris has filed his Motion to Dismiss (D.E. #59) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 United States Code Section 1367(c)(4) ("Section 1367"). Ferraris argues that this Court should not exercise supplemental jurisdiction over Plaintiff's state-law claims against Ferraris because they do not arise from a common nucleus as the federal law claims. Plaintiff's Response (D.E. #76) argues that it is appropriate for this Court to exercise supplemental jurisdiction over his claims against Ferraris because they do arise from a common nucleus of fact and that deciding these claims together is in the interest of judicial economy, convenience, fairness, and comity.

## II.     Proposed Analysis and Conclusions of Law

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When the Court has original jurisdiction over one claim, as it does here with Plaintiff's Section 1981 claim, Section 1367 provides that the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims

---

[1] Plaintiff's Second Amended Complaint contains additional allegations of Ferraris' liability and additional exhibits pertaining to purported criminal charges against Weirich; however, the Court has striken allegations and exhibits. (*See* D.E. #75, #84, #86, #97).

form part of the same case or controversy when they derive from a common nucleus of operative fact. *See Kelli Denise Goode v. The City of Southaven*, No. 16-02029, 2017 WL 11316500, at *4 (W.D. Tenn. Mar. 30, 2017) (citing 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Section 1367 further provides that a district court may decline to exercise supplemental jurisdiction in the following circumstances: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

Upon review, Plaintiff's federal-question claims raised under Section 1983 pertain only to the investigation and confiscation of the property—all of which happened *after* the property was pawned. The questions presented are whether the municipality and/or the law enforcement officer complied with federal and state law in their actions. What happened at any time *before* the property was pawned, including any sort of alleged scheme between Weirich and Ferraris, is not part of the same nucleus of operative fact as what transpired later. Thus, the Court does not believe that the interests of judicial economy would be advanced if it were to exercise supplemental jurisdiction over Plaintiff's claims against Ferraris. Accordingly, it is RECOMMENDED that this Court decline the exercise of subject matter jurisdiction over Plaintiff's claims against Ferraris.

### III.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Ferraris' Motion to Dismiss be GRANTED[2] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**DATED** this 3rd day of July, 2025.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] On June 6, 2025, Plaintiff filed a notice of dismissal as to this defendant. (D.E. # 101)  However, Rule 41 only allows voluntary dismissal by the plaintiff without a court order if the notice is filed before the opposing party serves an answer or by stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P.  41(a)(1)(A)  Defendant Ferraris filed his answer on June 10, 2024 (D.E. # 26) and no stipulation of dismissal has been filed which is signed by all parties who have appeared.