## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

KRASNER LOAN CO., INC.
d/b/a AMERICAN LOAN COMPANY,

      **Plaintiff,**

**v.**                                                    **Case 2:24-cv-02177-MSN-cgc**

EMIL S. FERRARIS,
BRENT E. WEIRICH,
MATT ROBINSON,
and CITY OF BARTLETT, TENNESSEE
GOVERNMENT,

      **Defendant.**

### REPORT AND RECOMMENDATION ON
### CITY OF BARTLETT, TENNESEE GOVERNMENT'S
### MOTION TO DISMISS

Before the Court is Defendant, the City of Bartlett, Tennessee Government's (the "City")

Motion to Dismiss for Failure to State a Claim (Docket Entry ("D.E.") #70). The instant motion

has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E.

#64). For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss

be GRANTED.

### I.      Background

The crux of the federal claims in this case, which are brought pursuant to 42 United States

Code Section 1983 ("Section 1983"), are that Detective Matt Robinson ("Detective Robinson") of

the Bartlett Police Department ("BPD") violated Plaintiff's constitutional rights by seizing

property, including firearms, that Brent E. Weirich ("Weirich") pawned to Plaintiff's business

without affording Plaintiff the appropriate due process rights or complying with Tennessee law. (Second Am. Compl. ¶¶ 31-34, 40-41).

With respect to its Section 1983 claim, Plaintiff alleges that the City deprived it of its due process rights under the Fourteenth Amendment of the United States Constitution "by demanding and removing the property in Plaintiff's possession without any hearing and failing to follow the law which had been put in place to protect it and by not protecting Plaintiff's possessory rights to the seized property by returning those items" to the alleged original owner.  (*Id*. ¶¶ 24, 34). Plaintiff alleges that the City "has a pattern and practice of ignoring the State Law regarding pawnshop owners thereby depriving them of their possessory rights without due process."  (*Id*. ¶ 25).

Plaintiff further alleges that the City "failed to take any reasonable steps or investigative measures to confirm the actual ownership of the property."  (*Id*. ¶ 27).  Plaintiff alleges that the City "has a duty to properly train and supervise employees on compliance with state statutory laws regarding pawnbrokers as well as the Constitutional rights of pawnbrokers and the duty to properly train and supervise law enforcement officers on the proper handling of the investigation of claims involving pawnbrokers and allegedly stolen property." (*Id*.)  Plaintiff alleges that the City "failed to properly train and supervise its employees regarding the above matters in such a manner that the training policy or lack of training policy amounts to a deliberate indifference to constitutional rights of pawnbrokers and in particular the Plaintiff." (*Id*.)

Finally, Plaintiff alleges that the City violated its Fourth Amendment rights under the United States Constitution "for the illegal seizure of property in which Plaintiff held possessory rights" and "for the failure to properly train and supervise their employees and a training policy or

lack thereof which was deliberately indifferent to the Constitutional Rights of pawnbrokers and in particular Plaintiff."   (*Id*. ¶¶ 40-41).

With respect to Tennessee Code Annotated Section 45-6-213, *et seq*., Plaintiff alleges that the City failed to comply with its duty to provide a "law enforcement agency's report on the misappropriate of theft." (*Id*. ¶ 16).  Plaintiff further alleges that, pursuant to the same statute, the City had a duty to provide notice from the alleged owners that "any property in its possession was claimed to be misappropriated or stolen."  Plaintiff alleges that the City was required to complete this latter duty on behalf of the alleged owner because it became the alleged owner's agent by providing Plaintiff with an affidavit on behalf of the alleged owner.  (*Id*. ¶¶ 16-17).[1]

The City's Motion to Dismiss argues that Plaintiff has failed to state a claim against it because it does not allege any municipal policy or custom inflicted an injury upon Plaintiff.  The City further argues that Plaintiff fails to state that any violation of Plaintiff's Fourth or Fourteenth Amendment rights.

## II.      Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic*

---

[1]  While Plaintiff's Complaint mentions a state law claim (*Id*. ¶ 8), Plaintiff does not specifically state a claim for relief under Section 45-6-213 under its causes of action, (*Id*. ¶¶ 31-41).  Further, Plaintiff's Response to the City's Motion to Dismiss discusses the Section 45-6-213 issues under the umbrella of deprivation of due process rights.  (*See* D.E. #80-1 at PageID 522-25, 527-28).

*Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### III.    Proposed Analysis and Conclusions of Law

#### a.  Section 1983

For a municipality to be held liable under Section 1983, the deprivation of rights must be due to the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Otherwise stated, the municipality must not merely *employe*e a wrongdoer, *Monell*, 436 U.S. at 691; it must itself *be* the wrongdoer, *Collins v.*

4

*City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992), and its own actions must be the moving force behind the deprivation of rights, *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997).

To plead municipal liability, the plaintiff must allege one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; (4) the existence of a custom of tolerance of or acquiescence to federal rights violations; or, (4) a municipal hiring decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. *Sweat v. Butler*, 90 F. Supp. 3d 773, 780 (W.D. Tenn. 2015) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)); *Brown*, 520 U.S. at 441).

Here, Plaintiff has only conclusorily alleged that the City has any illegal policy or inadequate training policy that led to the alleged deprivation of rights, but it has not identified any such policy. This is insufficient to plead municipal liability, as the complaint must provide factual "information about the nature, source, or form of the alleged policy." *Turner v. Lowen*, 823 Fed. App'x 311, 320-21 (6th Cir. 2020); *Sweat*, 90 F. Supp. 3d at 780.

Likewise, he has not alleged that any authorized policymaker with final authority to establish municipal policy ratified Detective Robinson's actions. *See Feliciano v. City of Cleveland*, 900 F.2d 649, 656 (6th Cir. 1993). To the extent that Plaintiff seeks to allege that Detective Robinson is a policymaker, "[m]ere authority to exercise discretion which performing particular functions does not make a municipal employee a final policymaker"; instead, to be a policymaker, the official's decisions must be final and unreviewable and not constrained by the official policies of superior officials. *Id*. at 655. There is no allegation that Detective Robinson maintained this status with the City.

5

Similarly, to the extent that Plaintiff alleges that the City approved of Detective Robinson's actions, "[r]atification . . . requires more than acquiescence – it requires affirmative approval of a particular decision made by a subordinate." *Id*. at 656. "Otherwise, the City would be liable for all of the discretionary decisions of its employees, and this would be indistinguishable from *respondeat superior* liability," *Id*., which is not a basis for Section 1983 liability, *Monell*, 436 U.S. at 694.

Finally, Plaintiff has only conclusorily alleged that the City has a custom of depriving pawnshop owners of their rights. For municipal liability to be based upon a custom, the custom must be permanent and well-settled such that has a force of law. *Monell*, 436 U.S. at 691. "[B]are allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief." *Boyles v. Correctional Med. Servs. Inc.*, No. 08-1638, 2009 W.S. App. LEXIS 5494, at *5 (6th Cir. Jan. 23, 2009). Plaintiff's Complaint relies solely upon its own experience, but alleged mistreatment of the plaintiff alone is insufficient to plead a pattern of misconduct. *Nouri v. Cty. of Oakland*, 615 Fed. Appx. 291, 296 (6th Cir. 2015).

Ultimately, Plaintiff's Complaint follows a "formulaic recitation" of the elements, but legal conclusions may not take the place of factual allegations. *Iqbal*, 556 U.S. at 680-81; *Sweat*, 90 F. Supp. 3d at 783. Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claims against the City fail to state a claim upon which relief may be granted.

**IV.    Conclusion**

For the reasons set forth herein, it is RECOMMENDED that the City's Motion to Dismiss

be GRANTED.


**DATED** this 26ᵗʰ day of August, 2025.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**