IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KRASNER LOAN CO., INC.**
**d/b/a AMERICAN LOAN COMPANY,**

        **Plaintiff,**

v.                                                                                                            Case 2:24-cv-02177-MSN-cgc

**EMIL S. FERRARIS,**
**BRENT E. WEIRICH,**
**MATT ROBINSON,**
**and CITY OF BARTLETT, TENNESSEE**
**GOVERNMENT,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON**
**MATT ROBINSON'S MOTION TO DISMISS**

---

    Before the Court is Defendant Matt Robinson's ("Detective Robinson") Motion to Dismiss for Failure to State a Claim. (Docket Entry ("D.E.") #62). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #64). For the reasons set forth herein, it is RECOMMENDED that Detective Robinson's Motion to Dismiss be GRANTED.

    **I.**      **Background**

    The crux of the federal claims in this case, which are brought pursuant to 42 United States Code Section 1983 ("Section 1983"), are that Detective Matt Robinson ("Detective Robinson") of the Bartlett Police Department ("BPD") violated Plaintiff's constitutional rights by seizing

property, including firearms, that Brent E. Weirich ("Weirich") pawned to Plaintiff's business without affording Plaintiff the appropriate due process rights or complying with Tennessee law. (Second Am. Compl. (D.E. #54) ¶¶ 5, 11-12, 31-34, 40-41).

Plaintiff alleges that, on or after August 17, 2023, Detective Robinson contacted it to inquire about its transactions with Weirich. (*Id*. ¶ 13). Plaintiff alleges that Detective Robinson provided it with the affidavit for a subpoena duces tecum (but not the subpoena itself). (*Id*.) Plaintiff alleges that Detective Robinson "demanded[,] under color of law, the production of numerous documents and records of any such transactions." (*Id*.) Plaintiff alleges that Detective Robinson stated that, if it did not comply fully and immediately, he would "get a court order and shut the place down for a day." (*Id*. ¶ 15). At some point during this encounter, Plaintiff presented Detective Robinson with an opinion of the Tennessee Attorney General supporting its view of its possessory rights, which Detective Robinson "repudiated." (*Id*. ¶ 15). Plaintiff alleges that it ultimately complied with Detective Robinson's requests without the need for a subpoena or court order. (*Id*. ¶ 14). Plaintiff states that it also "surrendered possession of all property" that had been pawned by Weirich. (*Id*.)

As causes of action, Plaintiff alleges that Detective Robinson is liable under 42 United States Code Section 1983 for violating Fourteenth Amendment due process rights and his Fourth Amendment right to be free from unlawful search or seizure. (*Id*. ¶¶ 32, 40). Plaintiff further alleges that Detective Bartlett failed "to provide for a hearing as to Plaintiff's possessory rights to the pawned property in question" and failed "to take any appropriate action to protect . . . those rights both in seizing said property without a hearing and turning the property over to Defendant Ferraris without notice, a hearing or a court order." (*Id.* ¶ 32).

Additionally, although Plaintiff does not specifically list a claim for violations of Tennessee law as a cause of action (Compl. ¶¶ 31-41), in the factual and jurisdictional allegations of its Complaint, it states that Detective Robinson violated Tennessee Code Annotated Section 45-6-213, *et seq.* by the following actions and inactions: (1) failing to provide the required law enforcement agency report or written notice; (2) failing to determine compliance of the ten-day hold requirement; (3) failing to place a written hold on the alleged misappropriated or stolen property; and, (4) returning the property to Emil Ferraris without notice to Plaintiff, without a hearing, and without a court order, (Compl. ¶¶ 16, 18, 20, 21).

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### III.   Proposed Analysis and Conclusions of Law

#### A. *Fourth Amendment*

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures and requires that any warrants authorizing searches and seizures be issued based upon probable cause. U.S. Const. amend. IV. It is well-established, however, that searches and seizures performed in accordance with consent are not unreasonable and do not require a warrant. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Consent to search must be "voluntary, unequivocal, specific, intelligently given, and uncontaminated by duress or coercion." *United States v. Canipe*, 569 F.3d 597, 602 (6th Cir. 2009) (citing *United States v Worley*, 193 F.3d 380, 385 (6th Cir. 1999)).

Even in reviewing Plaintiff's Second Amended Complaint in the light most favorable to it, it alleges that it willingly, even if begrudgingly and disapprovingly, provided Detective Robinson the firearms and other items that he requested. Such consensual compliance with an investigation does not violate the Fourth Amendment. While the Second Amended Complaint does allege that

Plaintiff disagreed with the investigative steps requested by Detective Robinson and discussed its legal rights during the investigation with him at the time, the only response of Detective Robinson's that is mentioned is that he believed he would be able to secure a search warrant if Plaintiff did not consent and that would require a temporary business closure to execute. Advising Plaintiff of the possible courses of action for the investigation, none of which would be *per se* illegal, does not rise to the level of pleading such duress or coercion that Plaintiff could not have voluntarily complied with Detective Robinson's requests. *See, e.g.*, *United States v. Salvo*, 133 F.3d 943, 954 (6th Cir. 1998) (citing cases).

Additionally, Detective Robinson is protected by qualified immunity from liability under Section 1983 "unless the caselaw existing at the time of [his] actions clearly established that [he] violated the Constitution." *Lawler v. Hardeman Cty., Tennessee*, 93 F.4th 919, 921 (6th Cir. 2024). The case law here shows the opposite – that the Fourth Amendment permits Detective Robinson to advise that he intends to seek a search warrant, and such an admonition, without more, does not taint the individual's consent to the search. Accordingly, it is RECOMMENDED that Plaintiff has failed to state a claim under Section 1983 for violations of the Fourth Amendment.

### B. Fourteenth Amendment

The Fourteenth Amendment provides that no State shall deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. However, property interests are protected by the Fourth Amendment, not the Fourteenth Amendment, when the property is being searched or seized as part of a criminal investigation. *King v. Montgomery Cty.*, 797 F. App'x 949, 956-57 (6th Cir. 2020) (citing *Radvansky v. City of Olmstead Falls*, 395 F.2d 291, 313 (6th Cir. 2005)).

Here, Plaintiff's Complaint alleges that Detective Robinson requested the firearms and other items while investigating stolen property. Because he was conducting a criminal investigation, only the Fourth Amendment could be implicated by their search and seizure. Accordingly, it is RECOMMENDED that Plaintiff has failed to state a claim under Section 1983 for any violation of the Fourteenth Amendment.

### C. Tennessee Law

As noted above, Plaintiff's Second Amended Complaint does not list any claim for relief under Tennessee state law in his Causes of Action; however, as Plaintiff does discuss such a claim during the factual allegations in his pleading, the Court will briefly address any such claims that the pleading could be construed to contain.

Plaintiff's Second Amended Complaint discusses alleged violations of Tennessee Code Annotated Section 45-6-213, *et seq.* Plaintiff avers that this Court should exercise supplemental jurisdiction over these claims pursuant to 42 United States Code Section 1367. However, Detective Robinson argues that, if all Section 1983 claims are dismissed, the Court should decline to exercise subject matter jurisdiction over any Tennessee law claims. *See, e.g. Rodney Harper v. Tina Houston*, No. 17-2132-STA-cgc, 2018 WL 354609 (W.D. Tenn. Jan. 10, 2018).

Upon review, the Court finds no basis in the Second Amended Complaint to exercise supplemental jurisdiction here over any Tennessee law claims that may remain if the District Court dismisses the remaining Section 1983 claims. Thus, it is RECOMMENDED that, should the District Court dismiss all Section 1983 claims in this case, it decline to exercise supplemental jurisdiction over any state law claims that Plaintiff could be construed to raise.

## IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Detective Robinson's Motion to Dismiss be GRANTED.

Signed this 8th day of September, 2025.

                                                      s/ Charmiane G. Claxton
                                                     CHARMIANE G. CLAXTON
                                                     UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**