IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KRASNER LOAN COMPANY, INC.,
d/b/a AMERICAN LOAN COMPANY,

    Plaintiff,

v.                                                          Case No. 2:24-cv-02177-MSN-cgc
                                                            JURY DEMAND

EMIL S. FERRARIS, BRENT E. WEIRICH,
CITY OF BARTLETT, TENNESSEE, and
MATT ROBINSON,

    Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 105, "Report"), entered September 8, 2025. The Report recommends dismissing Plaintiff's claims against Defendant Matt Robinson ("Detective Robinson") for failure to state a claim upon which relief may be granted. (*Id.* at PageID 613–616.) Plaintiff had fourteen (14) days after being served to file objections. Plaintiff has not submitted any objections.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the

evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

## DISCUSSION

The Court has reviewed the Report and the entire record in this matter and finds no clear error in the Magistrate Judge's analysis or conclusions.  The Magistrate Judge warned that:

> ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

(ECF No. 105 at PageID 616.)  Despite this clear warning, no objections were filed.  As a result, Detective Robinson's Motion to Dismiss must be granted.

But the analysis does not stop there, as the Court also takes this opportunity to address an additional matter: Plaintiff's claims against Defendant Brent E. Weirich.  As the Court reads Plaintiff's Second Amended Complaint (ECF No. 54), no federal claims are alleged against Defendant Weirich.  Indeed, the only claim pled with any sort of clarity against Mr. Weirich appears to be common-law fraud (perhaps accompanied by a claim for conversion).  (*Id.* at PageID 332–33.)  To the extent that the Court has maintained jurisdiction over these claims, it has been on the basis of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  However, with the filing of this Order, all federal claims in this case will be dismissed.

As one might expect, "[w]hen a federal court dismisses all pending federal claims before trial, it is usually best to allow the state courts to decide state issues." *Kowall v. Benson,* 18 F.4th

542, 549 (6th Cir. 2021); *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)) ("When . . . all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). "[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

Without an independent basis for federal jurisdiction, the Court follows the usual Sixth Circuit practice and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *Crehan v. Davis*, 713 F. Supp. 2d 688, 701 (W.D. Mich. 2010) (citing *Moon*, 465 F.3d at 728 (6th Cir. 2006)).

## CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (ECF No. 105) in its entirety. Detective Robinson's Motion to Dismiss (ECF No. 62) is **GRANTED**, Plaintiff's federal claims against Detective Robinson are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims against Detective Robinson are **DISMISSED WITHOUT PREJUDICE**. Further, Plaintiff's state-law claims against Defendant Brent E. Weirich are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of September, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE